Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| A & J RENTAL, LLC Y OTROS<br><br>Peticionarios<br><br>v.<br><br>PEMSY GROUP CORPORATION Y OTROS<br><br>Recurridos | KLCE202401378 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Sobre:<br>Interdicto Posesorio y Otros<br><br>Caso Núm.<br>CO2024CV00165 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de enero de 2025.

La parte peticionaria, A & J Rental, LLC, el señor Isaac Díaz Rivera y la señora Jovana Zambrana, comparece ante nos para que dejemos sin efecto seis (6) determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, el 27 de octubre de 2024, notificadas el 30 de octubre de 2024. Mediante las mismas, el foro primario determinó no entender sobre una solicitud de remedios, costas y honorarios de abogado, hasta tanto la parte peticionaria actuara sobre previas órdenes judiciales. De igual modo, la parte peticionaria solicita que dejemos sin efecto la *Orden* emitida el 21 de noviembre de 2024, notificada el 24 de noviembre de 2024, por la cual el tribunal de origen declaró *No Ha Lugar* una solicitud de remedios, costas y honorarios de abogado por esta promovida. Lo anterior, dentro de una acción sobre daños y perjuicios, incumplimiento de contrato, interdicto permanente, fraude hipotecario y sentencia declaratoria promovida en contra de Pemsy Group Corporation, el señor Pedro Luis Santiago Ortiz y el señor Omar Leedé Colón.

Número Identificador

RES2025 _____

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 19 de diciembre de 2024, la parte peticionaria presentó el recurso de *certiorari* que nos ocupa. En el mismo, recurre de seis (6) resoluciones interlocutorias notificadas el 30 de octubre de 2024. A su vez, también recurre de una *Orden* notificada el 24 de noviembre de 2024, por la cual el Tribunal de Primera Instancia declaró *No Ha Lugar* una *Moción en Solicitud de Remedios, Costas y Honorarios de Abogado contra Pemsy Group Corporation.*

Procedemos a expresarnos a tenor con la norma que dispone del trámite en alzada que nos ocupa.

**A**

La jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *Freire Ruiz de Val y otros v. Morales Román,* 2024 TSPR 129, 214 DPR ___ (2024); *R & B Power Inc. v. Junta Subastas ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *Matos, Sostre v. Registradora,* 2023 TSPR 148, 213 DPR ___ (2023); *Pueblo v. Torres Medina,* 211 DPR 950, 958 (2023); *FCPR v. ELA et al,* 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Freire Ruiz de Val y otros v. Morales Román,* supra; *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR

289, 297 (2016). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse, incluso, *motu proprio. Mun. De San Sebastián v. QMC Telecom,* supra.

Relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo carece de eficacia jurídica. *Báez Figueroa v. Adm. de Corrección,* 209 DPR 288, 299 (2022); *Ruiz Camilo v. Trafon Group Inc.,* supra. Así pues, su presentación no produce efecto jurídico alguno, dado a que no existe autoridad judicial para acogerlo. *Báez Figueroa v. Adm. de Corrección,* supra.

De otro lado, en materia de derecho apelativo y conforme al ordenamiento procesal vigente, la Regla 52.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (b) establece que los recursos de *certiorari* sometidos a la consideración del Tribunal de Apelaciones para revisar resoluciones u órdenes finales emitidas por un Tribunal de Primera Instancia, deberán ser presentados dentro del plazo de treinta (30) días, contados a partir de la fecha de la *notificación* del pronunciamiento que trate. Por su parte, la Regla 32 (D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32 (D), establece igual periodo para la formalización de dicho recurso. El antes aludido término es uno de estricto cumplimiento, admitiendo, de este modo, la existencia de justa causa de mediar algún incumplimiento.

**B**

Por otro lado, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, expresamente delimita la intervención de este Tribunal para evitar la revisión judicial de aquellas órdenes o resoluciones que dilatan innecesariamente el curso de los procesos.

*Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 594. (2011).

En lo pertinente, la referida disposición reza como sigue:

. . . . . . . .

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

. . . . . . . .

32 LPRA Ap. V, R. 52.1.

El entendido doctrinal vigente de la precitada disposición establece que, su inserción en nuestro esquema procesal, aun cuando obedece al propósito de delimitar las circunstancias en las que el foro intermedio habrá de intervenir con resoluciones u órdenes interlocutorias emitidas por el tribunal primario, asegura la revisión apelativa, mediante el recurso de *certiorari*, en situaciones meritorias constitutivas de excepción. *Job Connection Center v. Sups. Econo,* 185 DPR 585, 593 (2012). Así, cuando, en el ejercicio de su discreción, este Foro entienda que determinada cuestión atenta contra intereses protegidos, o desvirtúa el ideal de justicia, viene llamado a entender sobre la misma.

Por su parte, sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean*

*Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, supra, pág. 593; *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

### III

En la presente causa, estamos impedidos de entender sobre los méritos que plantea la parte peticionaria, ello respecto a la seis (6) resoluciones interlocutorias notificadas el 30 de octubre de 2024. A tenor con el derecho antes esbozado, las mismas fueron sometidas a nuestra consideración en exceso del plazo de treinta (30) días dispuesto por ley y reglamento para comparecer ante este Foro apelativo. A fin de que pudiéramos ejercer nuestras facultades de revisión sobre los referidos dictámenes, la parte peticionaria estaba obligada a comparecer ante nos en o antes del viernes 29 de noviembre de 2024, que, por haber sido un día sujeto al cierre total del sistema de los tribunales, se trasladaba al próximo día hábil, el

lunes 2 de diciembre de 2024. Siendo así, por haber acudido a nuestra intervención a diecisiete (17) días de vencido el término dispuesto, y toda vez que no demostró justa causa para excusar su tardanza, carecemos de jurisdicción para revisar los dictámenes de referencia.

Por otra parte, respecto a la *Orden* notificada el 24 de noviembre de 2024, resolvemos que la misma versa sobre un asunto interlocutorio que no está inmerso en las instancias contempladas por el legislador en la Regla 52.1 de Procedimiento Civil, *supra*, a los fines de que este Foro pueda entender sobre un recurso de *certiorari*. Por tanto, el mismo queda excluido del ejercicio de nuestras facultades en esta etapa de los procedimientos. De esta forma, y dado a que la parte peticionaria no demostró que, de no actuar sobre su solicitud, habría de producirse fracaso a la justicia, nada podemos proveer. Así, y por no concurrir causa alguna de las contempladas en la Regla 40 de nuestro Reglamento, *supra*, resolvemos abstenernos de imponer nuestro criterio al desplegado por el Juzgador de hechos.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones